Promissory Note

Date: September 22, 2020

Borrower: PERSEVERANCE GROUP, LLC

Borrower's Mailing Address: 590 Knollwood
El Paso, Texas 79932

Lender: MAYAN FAMILY LIMITED PARTNERSHIP and MY VENTURES, LLC

Place for Payment: 5862 Cromo Drive, Suite 100
El Paso, Texas 79912

Principal Amount: $105,000.00

Annual Interest Rate: 10.50%

**Annual Interest Rate on Matured, Unpaid Amounts:** The lower of 18% or the highest interest rate allowed by law.

**Terms of Payment (principal and interest):** This note shall be due and payable as follows:

In equal monthly installments of principal and interest in the amount of $1,048.30 per month with the first payment to be due and payable on or the 1st day of November, 2020 and a like payment to be due and payable on or before the same day of each and every month thereafter until October 1, 2027 when the entire remaining principal balance and all accrued unpaid interest shall be due and payable in full paid in full.

The Borrower shall pay to the Lender or holder hereof a late charge of five percent (5%) of any monthly installment not received within ten (10) days after the installment is due.

**Security for Payment:** This note is secured by a vendor's lien and deed of trust lien against the following described real property, to-wit:

As legally described on Exhibit "A."

THIS LOAN IS PAYABLE IN FULL IN SEVEN (7) YEARS FROM THE DATE HEREOF. YOU MUST REPAY THE ENTIRE PRINCIPAL BALANCE OF THE LOAN AND UNPAID INTEREST THEN DUE. YOU WILL, THEREFORE, BE REQUIRED TO MAKE PAYMENT OUT OF OTHER ASSETS THAT YOU MAY OWN OR YOU WILL HAVE TO FIND A LENDER, WHICH MAY OR MAY NOT BE THE LENDER YOU HAVE THIS


EXHIBIT A

LOAN WITH, WILLING TO LEND YOU THE MONEY. IF YOU REFINANCE THIS LOAN AT MATURITY, YOU MAY HAVE TO PAY SOME OR ALL OF THE CLOSING COSTS NORMALLY ASSOCIATED WITH A NEW LOAN EVEN IF YOU OBTAIN REFINANCING FROM THE SAME LENDER.

Borrower promises to pay to the order of Lender the Principal Amount plus interest at the Annual Interest Rate. This note is payable at the Place for Payment and according to the Terms of Payment. All unpaid amounts are due by the Maturity Date. After maturity, Borrower promises to pay any unpaid principal balance plus interest at the Annual Interest Rate on Matured, Unpaid Amounts.
If Borrower defaults in the payment of this note or in the performance of any obligation in any instrument securing or collateral to this note, Lender may declare the unpaid principal balance, earned interest, and any other amounts owed on the note immediately due. Borrower and each surety, endorser, and guarantor waive all demand for payment, presentation for payment, notice of intention to accelerate maturity, notice of acceleration of maturity, protest, and notice of protest, to the extent permitted by law.

Borrower also promises to pay reasonable attorney's fees and court and other costs if this note is placed in the hands of an attorney to collect or enforce the note. These expenses will bear interest from the date of advance at the Annual Interest Rate on Matured, Unpaid Amounts. Borrower will pay Lender these expenses and interest on demand at the Place for Payment. These expenses and interest will become part of the debt evidenced by the note and will be secured by any security for payment.

Interest on the debt evidenced by this note will not exceed the maximum rate or amount of nonusurious interest that may be contracted for, taken, reserved, charged, or received under law. Any interest in excess of that maximum amount will be credited on the Principal Amount or, if the Principal Amount has been paid, refunded. On any acceleration or required or permitted prepayment, any excess interest will be canceled automatically as of the acceleration or prepayment or, if the excess interest has already been paid, credited on the Principal Amount or, if the Principal Amount has been paid, refunded. This provision overrides any conflicting provisions in this note and all other instruments concerning the debt.

Upon receipt by Borrower of notice of the loss, destruction, theft or total or partial obliteration, mutilation, or inappropriate cancellation of the Note, or the placement of any inappropriate marking on the Note, Borrower shall execute and deliver in lieu thereof, a Replacement Note, identical in form and substance to the Note. Upon execution and delivery by Borrower of the Replacement Note, all references in the loan documents on the Deed of Trust to the Note, shall be deemed to refer to the Replacement Note.

**All sums paid hereon shall be applied first to the payment of accrued interest due on the unpaid principal balance, and the remainder to the reduction of unpaid principal. Borrower may prepay this Note at any time.**

Each Borrower is responsible for all obligations represented by this note.

When the context requires, singular nouns and pronouns include the plural.

Should Borrower, its successors or assigns (i) default in the payment of any other note or notes between Borrower and Lender, or any renewal or extension thereof, or (ii) default under any deed of trust or other security document securing any such notes, or any renewal or extension thereof, this Note, at the option of Lender, shall become immediately due and payable in full. In addition, any default in the payment of this Note or any default in the performance of any obligation under the Deed of Trust or other security document securing this Note, at the option of Lender, shall be deemed to be a default under such other note or notes. The intention of this paragraph is to provide a "cross-default" provision such that default under either this Note or any other such note between Borrower and Lender shall, at Lender's option, be a default under the other.

PERSEVERANCE GROUP, LLC

JESSE RAMIREZ, Managing Member

G:\Marks Documents\Loan Packages 2020\Ricci, Frank\412 Juniper Avenue\promissory note.wpd

DEED OF TRUST

THE STATE OF NEW MEXICO §
                              §    KNOW ALL MEN BY THESE PRESENTS:
COUNTY OF DONA ANA §

    THAT, PERSEVERANCE GROUP, LLC of 590 Knollwood, El Paso, Texas 79932, hereinafter called Grantor (whether one or more) for the purpose of securing the indebtedness hereinafter described, and in consideration of the sum of TEN AND NO/100THS DOLLARS ($10.00) paid by the Trustee hereinafter named, the receipt of which is hereby acknowledged, and for the further consideration of the uses, purposes and trusts hereinafter set forth, has granted, sold and conveyed, and by these presents does grant, sell and convey unto Mark Salloum, Trustee, of 661 S. Mesa Hills Dr., Suite 100, El Paso, Texas 79912 and his substitutes or successors, all of the following described property situated in Dona Ana County, New Mexico, to-wit:

    As legally described on Exhibit "A" (the "Property").

    TO HAVE AND TO HOLD the above described property, together with the rights, privileges and appurtenances thereto belonging unto the said Grantee, and to his substitutes or successors forever. And Grantor does hereby bind himself, his heirs, executors, administrators and assigns to warrant and forever defend the said premises unto the said Trustee, his substitutes or successors and assigns forever, against the claim, or claims, of all persons claiming or to claim the same or any part thereof.

    This conveyance, however, is made in TRUST to secure payment of one certain promissory note of even date herewith in the principal sum of ONE HUNDRED AND FIVE THOUSAND AND NO/100THS DOLLARS ($105,000.00), executed by Grantor, payable to the order of MAYAN FAMILY LIMITED PARTNERSHIP and MY VENTURES, LLC, hereinafter called Beneficiary, at 5862 Cromo Suite, 100, El Paso, Texas 79912, being payable as stipulated therein, bearing interest as therein stipulated, providing for acceleration of maturity and for attorney's fees.

    Should Grantor do and perform all of the covenants and agreements herein contained, and make prompt payment of said indebtedness as the same shall become due and payable, then this conveyance shall become null and void and of no further force and effect, and shall be released at the expense of Grantor, by the holder thereof, hereinafter called Beneficiary (whether one or more).

    Grantor covenants and agrees as follows:

    That Grantor is lawfully seized of said property, and has the right to convey the same; that the said property is free from all liens and encumbrances, except as herein provided.

    That no part of the Property is used by the Mortgagor for farming operations, including farming, tillage of the soil, dairy farming, ranching, production or raising of crops, poultry or livestock; and that no part of the Property is oil and other liquid hydrocarbons, gas including casing head gas, condensates and other gaseous petroleum substances, or coal or other minerals.

    To protect the title and possession of said property and to pay when due all taxes and assessments now existing or hereafter levied or assessed upon said property, or the interest therein created by this Deed of Trust, and to preserve and maintain the lien hereby created as a first and prior lien on said property including any improvements hereafter made a party of the realty.



2024273    SEP 25, 2020 11:59:30 AM    PAGES: 9
DEED OF TRUST    Deputy: Tonya Wall
Amanda López Askin, County Clerk, Dona Ana, NM

1




To keep the improvements on said property in good repair and condition, and not to permit or commit any waste thereof; to keep said buildings occupied so as not to impair the insurance carried thereon.

To insure and keep insured all improvements now or hereafter created upon said property against loss or damage by fire and windstorm, and any other hazard or hazards as may be reasonably required from time to time by Beneficiary during the term of the indebtedness hereby secured, or to the extent of the full insurable value of said improvements, whichever is the lesser, in such form and with such insurance company or companies as may be approved by Beneficiary, and to deliver to Beneficiary the mortgage indemnity clause as Beneficiary may direct; to deliver renewals of such policies to Beneficiary at least ten (10) days before any such insurance policies shall expire; any proceeds which Beneficiary may receive under any such policy, or policies, may be applied by Beneficiary, at his option, to reduce the indebtedness hereby secured, whether then matured or to mature in the future, and in such manner as Beneficiary may elect, or Beneficiary may permit Grantor to use said proceeds to repair or replace all improvements damaged or destroyed and covered by said policy.

That in the event Grantor shall fail to keep the improvements on the property hereby conveyed in good repair and condition, or to pay promptly when due all taxes and assessments, as aforesaid, or to preserve the prior lien of this Deed of Trust on said property, or to keep the buildings and improvements insured, as aforesaid, or to deliver the policy, or policies, of insurance or the renewal thereof to Beneficiary, as aforesaid, then Beneficiary may, at his option, but without being required to do so, make such repairs, pay such taxes and assessments, purchase any tax title thereon, remove any prior liens, and prosecute or defend any suits in relation to the preservation of the prior lien of this Deed of Trust on said property, or insure and keep insured the improvements thereon in an amount not to exceed that above stipulated; that any sums which may be so paid out by Beneficiary and all suit paid for insurance premiums, as aforesaid, including the costs, expenses and attorney's fees paid in any suit affecting said property when necessary to protect the lien hereof shall bear interest from the dates of such payments at a per annum interest rate equal to the maximum interest rate permitted by law, and shall be paid by Grantor to Beneficiary upon demand, at the same place at which the above described note is payable, and shall be deemed a part of the debt hereby secured and recoverable as such in all respects.

That in the event of default in the payment of any installment, principal or interest, of the notes hereby secured, in accordance with the terms thereof, or of a breach of any of such covenants herein contained to be performed by Grantor, Beneficiary may declare the entire principal indebtedness hereby secured with all interest accrued thereon and all other sums hereby secured immediately due and payable, and in the event of default in the indebtedness when due or declared due, it shall thereupon, or at any time thereafter, be the duty of the Trustee, or his successor or substitute as hereinafter provided, at the request of Beneficiary (which request is hereby conclusively presumed), to enforce this trust; and after advertising the time, place and terms of the sale of the above described and conveyed property, then subject to the lien hereof, in accordance with the statutes of the State of New Mexico and the Beneficiary (the holder of the indebtedness secured hereby) has served written or printed notice of the proposed sale in accordance with the statutes of the State of New Mexico, the Trustee shall sell the above-described property, then subject to the lien hereof, at public auction in accordance with such notice at the front steps of the Courthouse, in the county in which the land is situated, on the date, at the time, and in the manner permitted by and provided for in *48-10-10 NMSA* to the highest bidder for cash, selling all of the property as an entirety or in such parcels as the Trustee acting may elect, and make due conveyance to the purchaser or purchasers, with general warranty binding Grantor, his heirs and assigns; and out of the money arising from such sale, the Trustee acting shall pay first, all the expenses of advertising the sale and making the conveyance, including a commission of five per cent (5%) to himself, which commission shall be due and owing in addition to the attorney's fees provided for in said note, and then to Beneficiary the full amount of principal, interest, attorney's fees and other charges due and unpaid on said note and all other indebtedness secured hereby, rendering the balance of the sales price, if any, to Grantor, her heirs or assigns; and the recitals in the conveyance to the purchaser or purchasers shall be full and conclusive evidence of the truth of the matters therein stated, and all prerequisites to said sale shall be presumed to have been performed, and such sale and conveyance shall be conclusive against Grantor, his heirs and assigns.

2

It is agreed that in the event a foreclosure hereunder should be commenced by the Trustee, or his substitute or successor, Beneficiary may at any time before the sale of said property direct the said Trustee to abandon the sale, and may then institute suit for the collection of said note, and for the foreclosure of this Deed of Trust lien; it is further agreed that if Beneficiary should institute a suit for the collection thereof, and for a foreclosure of this Deed of Trust lien, that he may at any time before the entry of a final judgment in said suit dismiss the same, and require the Trustee, his substitute or successor to sell the property in accordance with the provisions of this Deed of Trust.

Beneficiary shall have the right to purchase at any sale of the property, being the highest bidder and to have the amount for which such property is sold credited on the debt then owing.

Beneficiary in any event is hereby authorized to appoint a substitute trustee, or a successor trustee, to act instead of the Trustee named herein without other formality than the designation in writing of a substitute or successor trustee; and the authority hereby conferred shall extend to the appointment of other successor and substitute trustees successively until the indebtedness hereby secured has been paid in full, or until said property is sold hereunder, and each substitute and successor trustee shall succeed to all of the rights and powers of the original trustee named herein.

In the event any sale is made of the above described property, or any portion thereof, under the terms of this Deed of Trust, Grantor, his heirs and assigns, shall forthwith upon the making of such sale surrender and deliver possession of the property so sold to the purchaser at such sale, and in the event of their failure to do so they shall thereupon from and after the making of such sale be and continue as tenants at will of such purchaser, and in the event of their failure to surrender possession of said property upon demand, the purchaser, his heirs or assigns, shall be entitled to institute and maintain an action for forcible detainer of said property in the Justice of the Peace Court in the Justice Precinct in which such property, or any part thereof, is situated.

It is agreed that the lien hereby created shall take precedence over and be a prior lien to any other lien of any character whether vendor's, materialmen's or mechanic's lien hereafter created on the above described property, and in the event the proceeds of the indebtedness secured hereby as set forth herein are used to pay off and satisfy any liens heretofore existing on said property, then Beneficiary is, and shall be, subrogated to all of the rights, liens and remedies of the holders of the indebtedness so paid.

It is further agreed that if Grantor, his heirs or assigns, while the owner of the hereinabove described property, should commit an act of bankruptcy, or authorize the filing of a voluntary petition in bankruptcy, or should an act of bankruptcy be committed and involuntary proceedings instituted or threatened, or should the property hereinabove described be taken over by a receiver for Grantor, his heirs or assigns, the note hereinabove described shall, at the option of Beneficiary, immediately become due and payable, and the acting Trustee may then proceed to sell the same under the provisions of this Deed of Trust.

This conveyance is also made in trust to secure and enforce the payment of all other indebtednesses of the makers of said notes to Beneficiary presently existing or which may in any manner or means hereafter be incurred by the makers of said note and evidenced in any manner whatsoever, either by notes, advances, overdrafts, bookkeeping entries or any other method or means, it being expressly agreed and understood that any and all sums now owed to or hereafter advanced by said Beneficiary to the makers of said note shall be payable at the principal office of the Beneficiary in El Paso County, Texas, and shall bear interest as may be provided in such notes or other evidences of indebtedness given by the makers of said note to said Beneficiary; and this instrument is also executed for the purpose of securing and enforcing the payment of any renewal and extension of any note or of any part of the said indebtedness of the makers of said note, and including any further loans and advancements made by said Beneficiary to the makers of said note under the provisions hereof. The fact of repayment of all indebtedness of the makers of said note to said Beneficiary shall not terminate this mortgage unless the same be so released by said Beneficiary at the request of the makers of said note; but otherwise it shall remain in full force and effect to secure all future advances and indebtednesses, regardless of any additional security that may be taken as to any past or future indebtedness, and shall be unaffected by any renewals, extensions or partial releases hereunder.

3

As further security for the payment of the hereinabove described indebtedness, Grantor hereby transfers, assigns, and conveys unto Beneficiary all rents issuing or to hereafter issue from said real property, and in the event of any default in the payment of said note or hereunder, Beneficiary, his agent or representative, is hereby authorized, at his option, to collect said rents, or if such property is vacant to rent the same and collect the rents, and apply the same, less the reasonable costs and expenses of collection thereof, to the payment of said indebtedness, whether then matured or to mature in the future, and in such manner as Beneficiary may elect. Beneficiary shall not be, in any event or circumstances, liable or responsible for failure to collect, or exercise diligence in the collection of, any such sums.

Nothing herein or in said note contained shall ever entitle Beneficiary, upon the arising of any contingency whatsoever, to receive or collect interest in excess of the highest rate allowed by the laws of the State of New Mexico on the principal indebtedness hereby secured or on any money obligation hereunder and in no event shall Grantor be obligated to pay interest thereon in excess of such rate.

If this Deed of Trust is executed by only one person or by a corporation, the plural reference to Grantor shall be held to include the singular and all of the covenants and agreements herein undertaken to be performed by and the right conferred upon the respective Grantor named herein, shall be binding upon and inure to the benefit of not only said parties respectively but also their respective heirs, executors, administrators, grantees, successors and assigns.

This Deed of Trust shall be construed as a "security agreement" within the meaning of the Uniform Commercial Code of the State of New Mexico, and the Trustee and the Beneficiary shall have all the rights with respect to the collateral described herein afforded by the Uniform Commercial Code of the State of New Mexico, in addition to, but not limitation of, the rights afforded the Trustee and the Beneficiary hereunder.

Grantor shall not, without the prior written consent of the Beneficiary, create or permit to be created or to remain, any mortgage, pledge, lien, encumbrance or charge on, security interest in, or conditional sale of or other title retention agreement on (whether prior or subordinate to the liens hereof) the mortgaged premises or the income therefrom other than this Deed of Trust.

Grantor shall not, without the prior written consent of the Beneficiary, convey, sell, transfer or permit to be conveyed, sold or transferred, the interest of the Grantor in the mortgaged premises. If such consent is not obtained, Beneficiary, at his option, may declare all sums secured by this Deed of Trust to be immediately due and payable. Beneficiary shall have waived such option to accelerate if, prior to such conveyance, Beneficiary has approved the creditworthiness of the person to whom the Property is to be conveyed, and such person and Beneficiary reach agreement in writing that the sums secured by this Deed of Trust shall be at such interest rate as Beneficiary shall require, in his sole and absolute discretion.

Grantor shall keep all buildings and other property covered by this Deed of Trust insured against fire and lightning with extended coverage and against such other risks as Beneficiary may from time to time require, all in amounts approved by Beneficiary not exceeding 100% of full insurable value, such insurance to be written in form and with companies approved by Beneficiary, with loss made payable to Beneficiary pursuant to the New Mexico standard mortgagee clause, without contribution, and shall deliver the policies of such insurance to Beneficiary promptly as issued. Such policies shall provide, by way of riders, endorsements or otherwise that the insurance provided thereby shall not be terminated, reduced or otherwise limited regardless of any breach of the representations and agreements set forth therein and that no such policy shall be canceled, endorsed or amended to any extent unless the issuer thereof shall have first given mortgagee at least thirty (30) days' prior written notice. In case Grantor fails to furnish such policies, Beneficiary at his option may procure such insurance at Grantor's expense. All renewal and substitute policies of insurance shall be delivered to the office of Beneficiary, premiums paid, at least ten (10) days before termination of the insurance protection replaced by such renewal or substituted

4

policies. In case of loss, Beneficiary at his option, shall be entitled to receive and retain the proceeds of the insurance policies, applying the same toward payment of said indebtedness as Beneficiary shall see fit.

Grantor represents that this deed of trust and the Note are given for the following purposes:

> The indebtedness, the payment of which is hereby secured, is in part payment of the purchase price of the real property herein described, and is also secured by a vendor's lien thereon retained in deed of even date herewith to the undersigned, and this deed of trust is given as additional security for the payment of said indebtedness. A portion of the loan proceeds will be used towards the construction of improvements as described in a concurrently executed Draw Agreement.

This Deed of Trust together with the Note and all other documents executed substantially contemporaneously with this Deed of Trust represent the final agreement of the parties and may not be contradicted by any evidence of prior, contemporaneous, or subsequent oral agreement of the parties. There are no oral agreements between the parties.

Grantor agrees not to grant any lien or security interest in the Property or to permit any junior encumbrance to be recorded or any claim to otherwise become an encumbrance against the Property. If an involuntary encumbrance is filed against the Property, Grantor agrees within 30 days to either remove the involuntary encumbrance or provide a bond acceptable to Beneficiary against the involuntary encumbrance. At Beneficiary's sole and incontestable option and discretion, if Grantor grants any other junior or superior lien, security interest or encumbrance, Beneficiary may declare all the sums secured by this Deed of Trust to be immediately due and payable.

Upon receipt of Grantor of notice that the Note has been placed for collection or processing by an escrow company, payment collection service or agent (collectively called "Agent"), Grantor agrees to pay any stated or published fee or fees required by Agent in connection with the collection of this debt per Agent's normal business practice.

Grantor agrees if requested by Beneficiary, to fully cooperate, adjust and execute for clerical errors or other errors, any or all transaction documents, sales agreement(s), disclosure statements, notes, deeds, deeds of trust, or any other documents, if deemed necessary or desirable in the reasonable discretion of Beneficiary. The Grantor agrees to comply with all above noted requests by the above referenced Beneficiary within 30 days from the date of request. Grantor agrees to assume all costs including, but not limited to, actual expenses, legal fees and marketing losses for failing to comply with correction requests in the above noted time period.

If all or any part of the Property is sold, conveyed, leased for a period longer than three (3) years, leased with an option to purchase, or otherwise sold (including any contract for deed), without the prior written consent of the Beneficiary, then the Beneficiary may at Beneficiary's option declare the outstanding principal balance of the note, plus accrued interest, to be immediately due and payable. The creation of a subordinate lien, any sale thereunder, any deed under threat or order of condemnation, any conveyance solely between Grantor, the passage of title by reason of the death of a Grantor or by operation of law shall not be construed as a sale or conveyance of the Property. However, notwithstanding the foregoing, Grantor shall have the right to convey the Property to a entity in which Grantor has established without obtaining the prior written consent of Beneficiary.

Upon receipt by Grantor of notice of the loss, destruction, theft or total or partial obliteration, mutilation, or inappropriate cancellation of the Note, or the placement of any inappropriate marking on the Note, Grantor shall execute and deliver in lieu thereof, a Replacement Note, identical in form and substance to the Note. Upon execution and delivery by Grantor of the Replacement Note, all references in the loan documents on this Deed of Trust to the Note, shall be deemed to refer to the Replacement Note.

5

Grantor shall, in addition to the principal and interest installments, deposit with Beneficiary a pro rata part of the estimated annual ad valorem taxes on the Property and a pro rata part of the estimated insurance premiums for the improvements on the Property. These tax deposits and insurance deposits are only estimates and may be insufficient to pay total taxes and insurance premiums. Grantor shall pay any deficiency within 30 days after notice from Beneficiary. Grantor's failure to pay the deficiency shall constitute a default under the Deed of Trust. In the event any superior lienholder on the Property is collecting escrow payments for taxes and insurance, this paragraph shall be inoperative so long as payments are being made to the superior lienholder.

Grantor **expressly represents that the Property herein above mentioned and conveyed to the Trustee forms no part of any property owned, used or claimed by Grantor as their primary residence and hereby expressly represents that this Property does not constitute Grantors' primary residence but that this is merely an investment of Grantor.**

If Beneficiary elects, this Deed of Trust shall be construed as a Mortgage with Mortgage Covenants and permit Beneficiary to foreclose judicially and if the Property is foreclosed on, the redemption period after the date of the sale for all parties claiming an interest in the Mortgaged Property shall be one (1) month instead of nine (9) months. In the event of a foreclosure sale hereunder, Mortgagee may become the purchaser of all or any part of the Mortgaged Property and Mortgagee shall be entitled to apply all or any part of the indebtedness of Mortgagor to Mortgagee to the purchase price.

ARBITRATION. THE PARTIES FURTHER AGREE AS FOLLOWS: (a) UPON WRITTEN NOTICE BY LENDER OR BORROWER TO THE OTHER, ANY AND ALL CONTROVERSIES BETWEEN THE PARTIES SHALL BE RESOLVED BY ARBITRATION IN ACCORDANCE WITH THE COMMERCIAL ASSOCIATION RULES OF THE AMERICAN ARBITRATION ASSOCIATION IN EFFECT AT THE TIME OF FILING; UNLESS THE COMMERCIAL ARBITRATION RULES CONFLICT WITH THIS PROVISION, AND IN SUCH EVENT THE TERMS OF THIS PROVISION SHALL CONTROL. ANY ARBITRATION HEREUNDER SHALL BE BEFORE AT LEAST THREE ARBITRATORS ASSOCIATED WITH THE AMERICAN ARBITRATION ASSOCIATION AND SELECTED IN ACCORDANCE WITH THE COMMERCIAL ARBITRATION RULES OF THE AMERICAN ARBITRATION ASSOCIATION. THE AWARD OF THE ARBITRATORS, OR A MAJORITY OF THEM, SHALL BE FINAL, AND JUDGEMENT UPON THE AWARD RENDERED MAY BE ENTERED IN ANY COURT, STATE OR FEDERAL, HAVING JURISDICTION. ERRORS OF LAW SHALL BE AN ADDITIONAL GROUND FOR VACATUR OF AN AWARD RENDERED PURSUANT TO THIS PROVISION.

(b) ARBITRABLE DISPUTES INCLUDE ANY AND ALL CONTROVERSIES OR CLAIMS BETWEEN THE PARTIES OF WHATEVER TYPE OR MANNER, INCLUDING WITHOUT LIMITATION, ANY CLAIM ARISING OUT OF OR RELATING TO THIS AGREEMENT, ANY PROPOSED OR ACTUAL LOAN OR EXTENSION OF CREDIT, ALL PAST, PRESENT AND/OR FUTURE AGREEMENTS INVOLVING THE PARTIES, ANY TRANSACTIONS BETWEEN OR INVOLVING THE PARTIES, AND/OR ANY ASPECT OF ANY PAST OR PRESENT RELATIONSHIP OF THE PARTIES, WHETHER BANKING OR OTHERWISE, SPECIFICALLY INCLUDING ANY ALLEGED TORT COMMITTED BY ANY PARTY.

(c) DEPOSITIONS MAY BE TAKEN AND OTHER DISCOVERY OBTAINED IN ANY ARBITRATION UNDER THIS PROVISION. WITHIN THIRTY (30) DAYS OF THE DATE A RESPONSIVE PLEADING IS FILED IN AN ARBITRATION PROCEEDING HEREUNDER, ALL PARTIES SHALL SERVE ON ALL OTHER PARTIES AN INITIAL DISCLOSURE AS WOULD BE REQUIRED BY RULE 26, FEDERAL RULES OF CIVIL PROCEDURE.

(d) FOR THE PURPOSES OF THIS PROVISION, "THE PARTIES" MEANS GRANTORS, BENEFICIARY, TRUSTEE, LENDER AND EACH OF THEM, AND ALL PERSONS AND ENTITIES SIGNING THIS AGREEMENT OR ANY OTHER AGREEMENTS, SECURITY INSTRUMENTS, AND/OR GUARANTEES EXECUTED HERETOFORE OR CONTEMPORANEOUSLY WITH AND AS PART OF THE SAME TRANSACTION WITH THIS AGREEMENT. "THE PARTIES" SHALL ALSO INCLUDE INDIVIDUAL PARTNERS, OFFICERS, DIRECTORS, EMPLOYEES, AGENTS AND/OR REPRESENTATIVES OF ANY PARTY TO THOSE DOCUMENTS, AND SHALL INCLUDE ANY OTHER OWNER AND HOLDER OF THE

LOAN DOCUMENTS.

(e) THE PARTIES SHALL HAVE THE RIGHT TO INVOKE SELF-HELP REMEDIES (SUCH AS SET-OFF, NOTIFICATION OF ACCOUNT DEBTORS, SEIZURE AND/OR FORECLOSURE OF COLLATERAL, AND NON-JUDICIAL SALE OF PERSONAL PROPERTY AND REAL PROPERTY COLLATERAL) BEFORE, DURING OR AFTER ANY ARBITRATION AND/OR PERFORMANCE, RECEIVER, INJUNCTION OR RESTRAINING ORDER, AND SEQUESTRATION) BEFORE OR AFTER ANY ARBITRATION. THE PARTIES NEED NOT AWAIT THE OUTCOME OF THE ARBITRATION BEFORE USING SELF-HELP REMEDIES. USE OF SELF-HELP OR ANCILLARY AND/OR PROVISIONAL JUDICIAL REMEDIES SHALL NOT OPERATE AS A WAIVER OF EITHER PARTY'S RIGHT TO COMPEL ARBITRATION.

(f) THE PARTIES AGREE THAT ANY ACTION REGARDING ANY CONTROVERSY BETWEEN THE PARTIES SHALL EITHER BE BROUGHT BY ARBITRATION, AS DESCRIBED HEREIN, OR BY JUDICIAL PROCEEDINGS, BUT SHALL NOT BE PURSUED SIMULTANEOUSLY IN DIFFERENT OR ALTERNATIVE FORUMS. A TIMELY WRITTEN NOTICE OF INTENT TO ARBITRATE PURSUANT TO THIS AGREEMENT STAYS AND/OR ABATES ANY AND ALL ACTION IN A TRIAL COURT, SAVE AND EXCEPT A HEARING ON A MOTION TO COMPEL ARBITRATION AND/OR THE ENTRY OF AN ORDER COMPELLING ARBITRATION AND STAYING AND/OR ABATING THE LITIGATION PENDING THE FILING OF THE FINAL AWARD OF THE ARBITRATORS.

(g) ANY AGGRIEVED PARTY SHALL SERVE A WRITTEN NOTICE OF INTENT TO ARBITRATE TO ANY AND ALL OPPOSING PARTIES WITHIN 360 DAYS AFTER DISPUTE HAS ARISEN. A DISPUTE IS DEFINED TO HAVE ARISEN ONLY UPON RECEIPT OF SERVICE OF JUDICIAL PROCESS OR OF A COMPLAINT IN ARBITRATION. FAILURE TO SERVE A WRITTEN NOTICE OF INTENT TO ARBITRATE WITHIN THE TIME SPECIFIED ABOVE SHALL BE DEEMED A WAIVER OF THE AGGRIEVED PARTY'S RIGHT TO COMPEL ARBITRATION OF SUCH CLAIM. THE ISSUE OF WAIVER PURSUANT TO THIS AGREEMENT IS AN ARBITRABLE DISPUTE.

(h) ACTIVE PARTICIPATION IN PENDING LITIGATION DURING THE 360 DAY NOTICE PERIOD, WHETHER AS PLAINTIFF OR DEFENDANT, IS NOT A WAIVER OF THE RIGHT TO COMPEL ARBITRATION. ALL DISCOVERY OBTAINED IN THE PENDING LITIGATION MAY BE USED IN ANY SUBSEQUENT ARBITRATION PROCEEDING.

(i) THE PARTIES FURTHER AGREE THAT (i) NO ARBITRATION PROCEEDING SHALL BE CERTIFIED AS A CLASS ACTION OR PROCEED AS A CLASS ACTION, AND (ii) NO ARBITRATION PROCEEDING HEREUNDER SHALL BE CONSOLIDATED WITH, OR JOINED IN ANY WAY WITH, ANY OTHER ARBITRATION PROCEEDING.

(j) ANY ARBITRATOR SELECTED SHALL BE KNOWLEDGEABLE IN THE SUBJECT MATTER OF THE DISPUTE. EACH OF THE PARTIES SHALL PAY AN EQUAL SHARE OF THE ARBITRATION COSTS, FEES, EXPENSES, AND OF THE ARBITRATORS' FEES, COSTS, AND EXPENSES.

(k) ALL STATUTES OF LIMITATIONS WHICH WOULD OTHERWISE BE APPLICABLE SHALL APPLY TO ANY ARBITRATION PROCEEDING HEREUNDER AND THE COMMENCEMENT OF ANY ARBITRATION PROCEEDING TOLLS SUCH LIMITATIONS.

(l) IN ANY ARBITRATION PROCEEDING SUBJECT TO THIS PROVISION, THE ARBITRATORS, OR MAJORITY OF THEM, ARE SPECIFICALLY EMPOWERED TO DECIDE (BY DOCUMENTS ONLY, OR WITH A HEARING, AT THE ARBITRATORS' SOLE DISCRETION) PRE-HEARING MOTIONS WHICH ARE SUBSTANTIALLY SIMILAR TO PRE-HEARING MOTIONS TO DISMISS AND MOTIONS FOR SUMMARY ADJUDICATION.

(m) THIS ARBITRATION PROVISION SHALL SURVIVE ANY TERMINATION, AMENDMENT, OR EXPIRATION OF THE AGREEMENT IN WHICH THIS PROVISION IS CONTAINED, UNLESS ALL OF THE PARTIES OTHERWISE EXPRESSLY AGREE IN WRITING.

(n) THE PARTIES ACKNOWLEDGE THAT THIS AGREEMENT EVIDENCES A TRANSACTION INVOLVING INTERSTATE COMMERCE IN THAT THE FUNDS WHICH MAY BE ADVANCED OR COMMITTED UNDER THIS AGREEMENT ARE DERIVED FROM INTERSTATE AND/OR INTERNATIONAL FINANCIAL MARKETS. THE FEDERAL ARBITRATION ACT SHALL GOVERN THE INTERPRETATION, ENFORCEMENT, AND PROCEEDINGS PURSUANT TO THE ARBITRATION CLAUSE OF THIS AGREEMENT.

(o) THE ARBITRATORS, OR A MAJORITY OF THEM, SHALL AWARD ATTORNEY'S FEES AND COSTS TO THE PREVAILING PARTY PURSUANT TO THE TERMS OF THIS AGREEMENT.

(p) VENUE OF ANY ARBITRATION PROCEEDING HEREUNDER SHALL BE IN EL PASO COUNTY, TEXAS.

### NOTICE TO BORROWER

YOU SHOULD BE AWARE THAT YOU MIGHT BE ABLE TO OBTAIN A LOAN AT A LOWER COST. YOU SHOULD SHOP AROUND AND COMPARE LOAN RATES AND FEES. MORTGAGE LOAN RATES AND CLOSING COSTS AND FEES VARY BASED ON MANY FACTORS, INCLUDING YOUR PARTICULAR CREDIT AND FINANCIAL CIRCUMSTANCES, YOUR EMPLOYMENT HISTORY, THE LOAN-TO-VALUE REQUESTED AND THE TYPE OF PROPERTY THAT WILL SECURE YOUR LOAN. THE LOAN RATE AND FEES COULD ALSO VARY BASED ON WHICH CREDITOR OR BROKER YOU SELECT.

IF YOU ACCEPT THE TERMS OF THIS LOAN, THE CREDITOR WILL HAVE A MORTGAGE LIEN ON YOUR HOME. YOU COULD LOSE YOUR HOME AND ANY MONEY YOU PUT INTO IT IF YOU DO NOT MEET YOUR PAYMENT OBLIGATIONS UNDER THE LOAN.

YOU SHOULD CONSULT AN ATTORNEY-AT-LAW AND A QUALIFIED INDEPENDENT CREDIT COUNSELOR OR OTHER EXPERIENCED FINANCIAL ADVISOR REGARDING THE RATE, FEES AND PROVISIONS OF THIS MORTGAGE LOAN BEFORE YOU PROCEED. A LIST OF QUALIFIED COUNSELORS IS AVAILABLE BY CONTACTING THE NEW MEXICO REGULATION AND LICENSING DEPARTMENT.

YOU ARE NOT REQUIRED TO COMPLETE THIS LOAN AGREEMENT MERELY BECAUSE YOU HAVE RECEIVED THIS DISCLOSURE OR HAVE SIGNED A LOAN APPLICATION. REMEMBER, PROPERTY TAXES AND HOMEOWNER'S INSURANCE ARE YOUR RESPONSIBILITY. NOT ALL CREDITORS PROVIDE ESCROW SERVICES FOR THESE PAYMENTS. YOU SHOULD ASK YOUR CREDITOR ABOUT THESES SERVICES.

ALSO, YOUR PAYMENTS ON EXISTING DEBTS CONTRIBUTE TO YOUR CREDIT RATINGS. YOU SHOULD NOT ACCEPT ANY ADVICE TO IGNORE YOUR REGULAR PAYMENTS TO YOUR EXISTING CREDITORS.

EXECUTED this 22 day of September, 2020.

PERSEVERANCE GROUP, LLC

JESSE RAMIREZ, Managing Member

THE STATE OF New Mexico
COUNTY OF Doña Ana

This instrument was acknowledged before me this 22 day of September, 2020 by Jesse Ramirez, Managing Member of Perseverance Group, LLC.

OFFICIAL SEAL
SHAWNA C. BLOUNT
NOTARY PUBLIC - STATE OF NEW MEXICO
My commission expires 4-8-23

Shawna C. Blount
Notary Public - State of New Mexico

O:\Marks Documents\Loan Packages 2020\Ricci, Frank\4112 Juniper Avenue\deed of trust.new mexico.wpd

8

## EXHIBIT 'A'

File No.: **2539338-DA06 (BM)**

Property: **412 Juniper, Las Cruces, NM 88001**

A tract of land situate in the City of Las Cruces, Dona Ana County, New Mexico being Lot 4, Block 218 of the Villa Mora Project, Las Cruces Urban Renewal and being more particularly described as follows to wit:

Beginning at the northeast corner of the herein described tract being a paint mark set on the most northerly corner of the rock wall;

Thence from the point of beginning S 27 deg 01' 35" E., 143.00 feet to an iron rod set for the southeast corner of the herein described tract;

Thence S 73 deg 23' 00" W., 44.00 feet to a fence post found for the southwest corner of the herein described tract;

Thence N 29 deg 25' 00" W., 43.28 feet to an iron rod set at the end of a rock wall for an angle point in the west line of the herein described tract;

Thence N 30 deg 04' 35" W., 92.40 feet to a paint mark set at the end of a rock wall for the northwest corner of the herein described tract;

Thence along said rock wall N 63 deg 30' 15" E., 50.00 feet to the point of beginning.

A.P.N. R0204535